UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL ACTION NO.  07-69-DLB**

**UNITED STATES OF AMERICA**                                                                                          **PLAINTIFF**

**VS.**                               **MEMORANDUM OPINION AND ORDER**

**DANNY LEE COLLINS**                                                                                                    **DEFENDANT**

******************

### I.   Introduction

This matter is before the Court on Defendant's Motion in Limine requesting a pretrial ruling on his proposed "good faith" instruction. (Doc. # 15). The Court heard oral argument on the motion during the October 30, 2007, pretrial conference. At the conclusion of the argument, the United States was given the opportunity to file a written response to the motion, which it has now done. (Doc. # 20). Defendant waived the filing of any reply brief, and so the motion is now ripe for review. For the reasons that follow, Defendant's motion will be **denied**.

### II.   Factual Background[1] and Procedural History

According to the factual averments in DEA TFA Mike Mann's affidavit in support of the criminal complaint, Defendant Danny Lee Collins is a dentist who has operated out of several different locations in Northern Kentucky. The complaint alleges that according to DEA computer indices, Dr. Collins has not had an active DEA Registration since August 31,

---

[1] Although the Court anticipates Defendant may contest some or all of these facts at trial, for purposes of adjudicating Defendant's pending motion, the Government's ability to establish these facts at trial is presumed.

2005.  More specifically, the DEA computer system revealed that Dr. Collins was issued three (3) separate DEA registration numbers from 1989 to 2003, the last expiring on August 31, 2005.

The complaint further alleges that Agent Mann was contacted by a Covington, Kentucky, Walgreen's pharmacist in late July, 2007, and advised by the pharmacist that she had received several prescriptions issued by Dr. Collins.  The pharmacist called Agent Mann because Walgreen's computer indices indicated that Collins did not have a DEA registration number.  The pharmacist told Mann that she had called Dr. Collins who abruptly disconnected the phone call.  On another occasion, the pharmacist was advised by Dr. Collins that the problem had been resolved.

On August 20, 2007, Dr. Collins was charged via a criminal complaint with unlawfully dispensing controlled substances in violation of 21 U.S.C. § 841(a)(1).  Because Dr. Collins had not had an active DEA registration number since August 31, 2005, the United States initially alleged that all prescriptions written for controlled substances from that time period to the present were not legitimate prescriptions.

On September 13, 2007, the grand jury returned a seventeen (17) count indictment charging Dr. Collins with 17 individual counts of knowingly and intentionally using an expired DEA registration number in the course of distributing and dispensing controlled substances in violation of 21 U.S.C. § 843(a)(2).  Although he had been so charged in the complaint, Dr. Collins was <u>not</u> charged with the more serious offense of illegally distributing controlled substances in violation of 21 U.S.C. § 841(a)(1).

### III.     Arguments of the Parties

Defendant's motion seeks to have the jury instructed that it is a defense to the indicted charges if they find he acted in good faith in issuing the prescriptions.  He submits that pursuant to Sixth Circuit authority, physicians, including dentists, are exempt from the provisions of 21 U.S.C. § 801 *et seq.* when they dispense or prescribe controlled substances in good faith to patients in the regular course of professional practice. According to Defendant, if his activities in dispensing the prescriptions charged fell within the usual course of his professional practice, he is entitled to the proffered "good faith" instruction,[2] even if in so dispensing he knew that his DEA registration number had expired.

---

[2]  Defendant's proposed "good faith" instruction is as follows:

Defendant is a dentist and in Counts 1-17 of the indictment is charged with using in the course of the manufacture, distribution, or dispensing of a controlled substance, or to use for the purpose of acquiring or obtaining a controlled substance, a registration number which is fictitious, revoked, suspended, expired, or issued to another person.

A dentist may not be convicted when he prescribed controlled substances in good faith to patients in the regular course of professional practice. Only the lawful acts of a dentist, however, are exempted from prosecution under the law.

In order to sustain its burden of proof under Counts 1-17, the government must prove beyond a reasonable doubt that the defendant knowingly and deliberately prescribed a controlled substance and did so other than in good faith in the usual course of a professional practice and in accordance with a standard of medical practice generally recognized and accepted in the United States. The defendant may not be convicted if he merely made an honest effort to treat his patients in compliance with an accepted standard of medical practice.

A controlled substance is prescribed by a dentist in the usual course of his professional practice and, therefore, lawfully, if the substance is prescribed by him in good faith in medically treating a patient. Good faith in this context means good intentions and the honest exercise of good professional judgment as to a patient's medical needs. Good faith connotes an observance of conduct in accordance with what the dentist should reasonably believe to be proper medical practice.

In determining whether or not Defendant Danny Collins acted in good faith in the course of a medical practice, you may consider all of the evidence in the case which relates to that conduct.

3

In support of his argument, Defendant points to the *mens rea* requirement (knowingly or intentionally) of § 843(a)(2), which is the same as that contained in §§ 841 and 842. Because the giving of a "good faith" instruction under those statutes has been upheld, Defendant argues that it should logically be extended to § 843(a)(2). While acknowledging at oral argument that the case law interpreting § 843(a)(2) was sparse, Defendant points to a district court case from New York and argues that other authority from the Sixth and First Circuits supports extending the "good faith" defense to the charged conduct in the instant case.

In its response, the United States contests the application of the "good faith" defense to Defendant's charged conduct. (Doc. # 20). More specifically, the Government points out that the *United States v. Carranza* case relied upon by Defendant has expressly held that unlawful diversion is not an element of a § 843(a)(2) charge. The Government also points to the fact that unlike § 841, the plain language of § 843 does not require that a defendant distribute or dispense a controlled substance "outside the scope of his/her professional practice" or "not for a legitimate medical purpose." Finally, although recognizing that § 843 is subsumed under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, § 843 criminalizes technical and regulatory violations of Act; whereas the goal of § 841 is to prevent unlawful drug trafficking. According to the Government, these distinctions mandate the denial of Defendant's motion in limine.

---

Unless you find beyond a reasonable doubt that the conduct charged in Counts 1-17 of the indictment was not done in good faith in the course of a medical practice you must acquit Defendant Danny Collins of that charge.

4

**IV.    Analysis**

The starting point in adjudicating Defendant's motion is the language of the statute itself.  Section 843(a)(2) provides that it shall be unlawful for any person *knowingly or intentionally – to use* in the course of the ... distribution or dispensing of a controlled substance, *a registration number which is ... revoked, suspended, expired, or issued to another person* (emphasis added).  This statute, commonly referred to as the unlawful drug prescribing statute, proscribes writing prescriptions for controlled substances with an expired DEA registration number.  The proscription applies to physicians whose registration has expired, notwithstanding the legitimate medical purposes for which the prescriptions were allegedly written.  *See United States v. Carranza*, 632 F. Supp. 1030, 1032 (S.D.N.Y. 1986).

In *Carranza*, a case relied upon by Dr. Collins, the defendant physician was indicted and charged with 21 counts of violating 21 U.S.C. § 843(a)(2).  Defendant moved to dismiss the indictment, arguing that because no diversion of controlled substances occurred, the indictment should be dismissed.  The court disagreed, stating:

> [Defendant] is incorrect, however, in asserting that "diversion" is an element of a Section 843(a)(2) violation.  To read this element into the statute would unduly restrict its application.  The Court thus rejects this argument in the context of a motion to dismiss the indictment.

*Id.*  Although rejecting defendant's lack of "diversion" argument, the court in *Carranza* seemed to imply that the absence of unlawful diversion and lack of requisite intent could be defenses at trial.  *Id.* at 1033.[3]  Dr. Collins seizes upon this portion of the decision in

---

[3] More specifically, the court stated that "Carranza's arguments involving the absence of unlawful diversion and a lack of the requisite intent are appropriate, and perhaps will be successful, defenses at trial.  This is particularly true where, as here, it is undisputed that there was no unlawful

5

support of his "good faith" instruction, arguing that the court's predicted success at trial would not have been possible if the good faith exceptions failed to apply. Because the dicta seized upon by Dr. Collins in *Carranza* is inconsistent with the plain language of the statute and the purposes of § 843(a)(2), the Court does not find it to be persuasive authority in adjudicating Defendant's motion in limine.

     First, the decision in *Carranza* is internally inconsistent. Although recognizing that § 843(a)(2) applies when physicians knowingly write prescriptions with expired DEA numbers and that unlawful diversion is <u>not</u> an element of the offense, the court nonetheless seems to imply that the absence of unlawful diversion may be a defense. If diversion is not an element to a § 843(a)(2) charge, then the lack of diversion cannot provide a defense. Second, the quoted portion of the *Carranza* decision is dicta. Third, the placement of the quoted language (*see* footnote 3) in Judge Kram's decision seems to be more of a rebuke of the prosecution than anything else.[4] Lastly, the decision in *Carranza* does not comport with the plain language of the statute. The *mens rea* in § 843(a)(2) modifies an individual's use of an expired or suspended DEA registration number, rather than the dispensing of a controlled substance. Section 843(a)(2) criminalizes the knowing and intentional use of an expired or suspended DEA registration number. Although the statute also requires the expired number to be used in the course of the distribution or dispensing of controlled

---

diversion, that Carranza had a pending application for a new registration number, and that the DEA was aware of this...."  632 F. Supp. at 1033.

    [4] Judge Kram states that Carranza's motion "suggests that the instant prosecution perhaps exemplifies a questionable exercise of prosecutorial discretion by the government....  This Court may not review the government's exercise of discretion, and however misguided it may be, it is certainly not a basis to dismiss the indictment."

substances, it is the knowing use of the expired registration number that is prohibited under the statute, not the unlawful diversion of controlled substances.

The drug trafficking statute, 21 U.S.C. § 841(a)(1), forbids, among other things, the distribution or dispensing of controlled substances. Virtually every court to consider the "good faith" issue in a § 841(a)(1) prosecution has formulated an instruction that precluded conviction if the physician acted with a legitimate medical purpose in prescribing the controlled substance. *See United States v. Johnson*, 71 F.3d 539, 543 (6th Cir. 1995) (to be convicted of a § 841(a)(1) offense, defendant had to know that he was prescribing medication without a legitimate medical purpose and outside the course of professional practice). The Sixth Circuit's decision in *United States v. Kirk*, 584 F.2d 773, 784 (6th Cir. 1978), cited by Dr. Collins, is consistent with these authorities. In view of the *Kirk* case, if Dr. Collins had been indicted for violating 21 U.S.C. § 841(a)(1), he would be entitled to a "good faith" instruction along the lines of that proposed in his motion in limine. However, because *Kirk* involved a § 841(a)(1) prosecution, rather than a § 843(a)(2) prosecution, its holding provides no benefit to Dr. Collins herein.

Defendant's reliance on the First Circuit's decision in *United States v. Limberopoulos*, 26 F.3d 245 (1st Cir. 1994) is also misplaced. Although *Limberopoulos* did involve a prosecution of pharmacists under both §§ 841(a)(1) and 843(a)(2), and the court did instruct the jury on the "good faith" defense, it is unclear if that defense was available on all counts, or just the drug trafficking counts. Based on the multiple distinctions drawn by the First Circuit in *Limberopoulos* between §§ 841(a)(1) and 843(a)(2), characterizing the latter as a regulatory or record keeping violation, this Court remains unconvinced that the "good faith" instruction is appropriate for a § 843(a)(2) charge.

7

The critical distinction between the two statutes is that § 843(a)(2) criminalizes the unlawful use of an expired registration number and § 841(a)(1) criminalizes the unlawful distribution of controlled substances. Both Congress, in establishing the statutory maximum penalties, and the Sentencing Commission, in establishing the advisory sentencing guidelines, recognized the distinction between the two statutes. The penalties for § 841(a)(1) are much more severe than § 843(a)(2). *Compare* 21 U.S.C. § 841(b) (life imprisonment maximum) with § 843(c) (48-month maximum). Although both require a knowing or intentional act, one (§ 841(a)(1)) requires a knowing or intentional diversion, and the other (§ 843(a)(2)) requires a knowing or intentional use of an expired DEA registration number. *See Limberopoulos*, 26 F.3d at 250-51 (containing a lengthy discussion regarding the distinction between the two statutes).

Taking Defendant's argument to its logical conclusion in this case, if Dr. Collins prescribed controlled substances with a legitimate medical purpose, that would be an absolute defense to a § 843(a)(2) charge. According to Dr. Collins, so long as the prescriptions were for legitimate medical purposes, the fact that he wrote them knowing his DEA registration number had expired would be irrelevant. Simply put, granting Dr. Collins' motion in limine by permitting him to benefit from a "good faith" instruction in this context would make a § 843(a)(2) prosecution a virtual impossibility. That is certainly not what Congress intended when it enacted § 843(a)(2).

As evident from his proposed jury instruction (*see* footnote 2), if the jury finds Dr. Collins prescribed the controlled substances in good faith, they would need to find him not guilty, even if he knew his registration number had expired.  Because § 843(a)(2) criminalizes the knowing or intentional use of expired or suspended registration numbers, giving Dr. Collins' proposed good faith instruction is not warranted in this case.

**V.     Conclusion**

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion in Limine Requesting a "Good Faith" Instruction (Doc. # 15) be, and it is, hereby **DENIED**.

This 7th day of November, 2007.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\CovCrim\2007\07-69 Collins Order denying MIL.002.wpd